# United States District Court for the Northern District of Ohio

| | |
|---|---|
| Alexander Smyczek<br>v<br>The Municipality of Lakewood<br>12650 Detroit AVE Lakewood OH 44107<br>Judge: Patrick Carroll<br>Prosecutor: Pamela Roessner<br>Assistant Prosecutor: Andrew Fleck<br>Probation Officer: Mary Kay Schabel<br>Detective: 1059 Brian Beradi | Complaint<br>Civil action no:<br>1:19 CV 330<br>JUDGE POLSTER<br>MAG. JUDGE PARKER |

## I Jurisdiction and venue

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has a Jurisdiction under 28 U.S.C Section 1331 and 1343 (a)(3)

2. The Northern District of Ohio is an appropriate venue under 28 U.S.C Section 1391 (b)(2) because it is where the events giving rise to this claim occurred

## II Plaintiff

3. Plaintiff, Alexander Smyczek, is and was at times mentioned herein prisoner of the State of Ohio in the custody of the Cuyahoga County Corrections Center He is currently confined in the Cuyahoga County Corrections Center, in Cleveland Ohio

## III Defendants

1. Defendant, Patrick Carroll is the Judge of the Lakewood Municipal Court in the City of Lakewood in the State of Ohio He is legally responsible for all Traffic / Civil / Criminal Cases brought before the city of Lakewood, OHIO

2. Defendant, Pamela Roessner is the Prosecutor of the Lakewood Municipal Court in the City of Lakewood in the State of OHIO She is legally responsible for the overall Prosecution of Criminal / Traffic cases brought before the city of Lakewood, OHIO

3. Defendant, Andrew Fleck is the assistant Prosecutor of the Lakewood Municipal Court in the City of Lakewood in the State of

Ohio, He is legally responsible for assisting Prosecutor Pamela Roessner for Criminal/Traffic cases brought before the Lakewood Municipal Court in the City of Lakewood, OHIO

4 Defendant, Mary Kay Schabel is the head probation officer for the Lakewood Municipal Court and is legally responsible for the overall supervision of the probation department for the Lakewood Municipal Court in the City of Lakewood, OHIO

5 Defendant, Brian Beradi is a detective for the Lakewood detective Bureau and is legally responsible for the investigation of Traffic/Criminal cases brought before him by the Lakewood police department in the City of Lakewood in the State of Ohio

6. Each Defendant is sued individually and in His/Her Offical Capacity at all times mentioned in this complaint each Defendant acted under the Color of State Law

7. In regards to Judge Patrick Carroll

- Did knowingly modify Docket entries

- Did knowingly deny my 6th amendment rights by forcing retained attorney to withdraw

- Did knowingly impose an illegal bond / bond modification after payment

- Did knowingly remand without cause plaintiff into custody while Plaintiff was released on bond

- Did knowingly impose a sentence that is in contradiction with sentences maximum by 42 Days than attempted to cover it up

8. In regards to Prosecutor Pamela Roessner

- Did knowingly Press Charges on Plaintiff of Menacing by Stalking a misdemeanor of the 1st degree even though Conditions set forth by ORC 2903.211 were not met

- Did knowingly withold evidence

- Did knowingly with malicious intent show bias in favor of the Victim

- Did knowingly Press Charges of a violation of a restraining order a misdemeanor of the 1st degree even though the minimum Conditions set forth by ORC 2919.27 were not met

9. In regards to Assistant Prosecutor Andrew Fleck

- Did knowingly assist in the prosecution of menacing by stalking a misdemeanor of the 1st degree even though Conditions set forth by ORC 2903.11 were not met

- Did knowingly assist in witholding evidence

- Did knowingly assist in violation of my rights to a fair trail by showing bias with a malicious intent

- Did knowingly assist in the prosecution of a violation of a restraining order a misdemeanor of the 1st degree even though minimum Conditions set forth by ORC 2919.27 were not met

10. In regards to Probation Officer Mary Kay Schabel

- Did knowingly submit false information to the Court

- Did knowingly with malicious intent violate 4 statues of the ORC Regarding probation

- Did knowingly commit perjury by making false statements under oath

- Did knowingly establish terms of probation without the presence of Plaintiff and provided no paperwork

- Did knowingly and with malicious intent show bias in favor of the victim

11 In Regards to Detective Brian Beradi Badge no: 1059

- Did knowingly refuse to take statements from witnesses

- Did knowingly submit false information on police reports

- Did knowingly refuse to discuss / take any information in regards to plaintiffs side of case

- Did knowingly with malicious intent withold evidence provided by plaintiff

- Did knowingly employ deceptive tactics leading plaintiff to arrive without Counsel

- Did knowingly refuse to preform his duties as an officer of the law in a fair and unbias manner

- Did knowingly and with malicious intent provide false information to the Lakewood Prosecutors office

12. Documentation in Support of Claims

In regards to Judge Patrick Carroll

exhibits A-B-C-D  Courtroom transcripts A-B-C-D

In regards to Both Prosecutor and Assistant prosecutor refer to indictments

exhibits E-F-G and Courtroom transcripts A-B-C-D

In regards to probation Officer Mary Kay Schabel refer to video from booking room A-B of video exhibits and courtroom transcripts A-B-C-D

In regards to detective Brian Beradi refer to police reports and original Documentation exhibits E-F-G-H-I

IV Exhastion of legal remedies

13. As of 2-4-19 I have filed not less then four motions submitted with documentation to correct time served all of which have been overuled to date

On august 20th of 2018 I filed a motion to withdraw my plea to correct manifest injustice as defined under Criminal rule 32.1 which provides: a motion to withdraw a plea of Guilty or no contest can only be made only before a sentece is imposed but to correct a manifest injustice the court may set aside the judgment of Conviction and permit the defendant to withdraw his or her plea

In which Grounds Listed below satisfy the First prong of the test of Deficient Counsel

1 Attorney refused to obtain evidence
2 Attorney refused to call witnesses
3 Attorney failed to provide adequate Counsel
4 Attorney employed deceptive tactic to Force Plea
5 Attorney refused to take case to trial

Under my rights guaranteed by the 6th amendment my provided attorney made errors so serious that Counsel was not functioning as "counsel" See State v Xie, 62 OHIO St.3d 521, 524, 584 N.E.2d 715, 717 (1992) citing Strickland v. Washington (1984) 466 U.S. 668, 104 S.ct 2052, 80 L.Ed 2d 674

This motion was brough to Hearing without Sending notice to Plaintiff from giving notice to witnesses under his 6th amendment rights and furthermore plaintiff was removed from court before final ruling a violation of OHIO Rules of Criminal procedure 43 a Defendant must be present for all Judgments

V legal Claims

14. The following lists by Defenants Rules violated under both the Ohio Revised code and rules of criminal procedure

In regards to Judge Patrick Carroll listed below are violations of Both Ohio revised code and rules of Criminal procedure

- Ohio Rules of Criminal procedure 43
- Ohio Rules of Criminal procedure 46
- Ohio Rules of Criminal procedure 49
- Ohio Rules of Criminal procedure 55
- Ohio Revised code 2930.16
- Ohio Revised Code 2938.08
- Ohio Revised Code 2938.12

In regards to both Prosecutor Pamela Roessner and assistant Prosecutor Andrew Fleck listed below are violations of both Ohio Revised Code and rules of criminal procedure

- Ohio Rules of Criminal procedure 43
- Ohio Rules of Criminal procedure 46
- Ohio Rules of Criminal procedure 49
- Ohio Rules of Criminal procedure 55
- Ohio Revised Code 2930.16
- Ohio Revised Code 2938.12
- Ohio Revised Code 2938.08

In regards to Probation Officer Mary Kay Schabel below is a list of Ohio revised codes that were violated in regards to the plaintiffs probation

- Ohio revised code 2941.18
- Ohio revised code 2951.06
- Ohio revised code 2951.08

In regards to Detective Brian Beradi listed below is a violated Ohio Revised Code as well as ethics violations of his position as an officer of the law

- Ohio Revised Code 2941.18
- To investigate in a non partial manner
- To submit all investigative information
- To properly inventory all evidence

In regards to my Rights that have been denied to me by the Lakewood Municipal Court and Officers of the Lakewood police department that are guaranteed by the Constitution of the united States are listed below

- the 6th amendment
- The 8th amendment

In regards to my rights that have been denied to me by the Lakewood Municipal Court and Lakewood police department that are guaranteed to me by the Universal Declaration of Human rights

- article 6
- article 7
- article 11

## VI Prayer for relief

WHEREFORE, plaintiff respectfully prays that this Court enter Judgment granting plaintiff:

15. A Decleration that acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States

16. Compensatory Damages in the amount of $750,000 00/100

17. Punitive Damages in the amount of $750,000 00/100

18 a bench trail on all issues

19 Plaintiffs Costs in this suit

20. Any additional relief this Court Deems Just, proper and equitable

Dated 02/04/19
Respectfully Submitted
Alexander Smyczek
So # 0331356
Po Box 5600
Cleveland OH10,44101

Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, exept as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of purjury that the foregoing is true and Correct

Executed at the City of Cleveland in the State Of Ohio on 02/04/19

*Alexander Smyzch* SO #0331356

Alexander Smyczek