UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER SMYCZEK, | ) | CASE NO. 1:19 CV 330 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| vs. | ) | |
| | ) | |
| MUNICIPALITY OF LAKEWOOD, | ) | |
| et al., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

Plaintiff Alexander Smyczek, a state prisoner proceeding *pro se*, has filed in this Court a civil rights action under 42 U.S.C. § 1983 against the City of Lakewood, Ohio; Lakewood Municipal Court Judge Patrick Carroll, Prosecutor Pamela Roessner, Assistant Prosecutor Andrew Fleck, and Probation Officer Mary Kay Schabel; and Lakewood Police Detective Brian Beradi. (Doc. 1.) Plaintiff alleges Defendants violated his constitutional rights in connection with the investigation, prosecution, and trial of two criminal cases brought against him in Lakewood Municipal Court. (*See id.* at 4-7.) He also moved to proceed *in forma pauperis* (Doc. 3); that motion is granted. For the following reasons, Plaintiff's Complaint is dismissed.

## BACKGROUND

Plaintiff's claims stem from two criminal cases brought against Plaintiff in Lakewood Municipal Court in the summer of 2018: one for menacing by stalking and telephone harassment (Case No. 2018CRB00815), and the other for violation of a temporary restraining order (TRO)

(Case No. 2018CRB0886).

According to the court's online docket,[1] a warrant was issued on June 20, 2018, for Plaintiff's arrest for menacing by stalking and harassing by telephone a woman. Plaintiff was appointed counsel and entered pleas of not guilty to both charges. On July 5, 2018, the prosecutor moved to amend a TRO to include the victim's seven-year-old daughter as a protected party.

That same day, a new warrant was issued in a separate case against Plaintiff for violation of a restraining order issued to protect the same woman. Plaintiff entered a plea of not guilty. On July 24, 2018, the court granted the motion to amend the TRO to include the victim's daughter.

On August 7, 2018, the trial judge, Judge Patrick Carroll, held a pretrial conference in both cases. Plaintiff appeared in court with counsel. Plaintiff agreed to withdraw his not-guilty pleas to the telephone-harassment and TRO-violation charges and enter pleas of no contest instead. The prosecution agreed to dismiss the menacing-by-stalking charge. The court found Plaintiff guilty of the two remaining charges. Two days later, the court sentenced Plaintiff to a suspended prison term of 180 days and community control supervision (CCS) for two years with the condition that he had no contact with the victim and her daughter on the conviction for telephone harassment; and 180 days' imprisonment with a credit of 36 days for time served on the conviction for violating the TRO. Plaintiff was incarcerated at the Cuyahoga County Jail.

On August 20, 2018, Plaintiff moved to withdraw his no-contest plea and vacate the conviction for the TRO violation on the ground that his attorney did not provide an adequate

---

[1] *See* http://gov.courtview.com/oh.cuyahoga.lakewood/CaseDetail.

defense. The trial court conducted a hearing on the matter and overruled the motions.

In December 20, 2018, the court held a hearing on Plaintiff's violation of the terms of his CCS sentence, with Plaintiff and his counsel present. After considering witness testimony and other evidence, the court found Plaintiff had violated the CCS's terms and terminated it. The court imposed the balance of the 180-day sentence to be served consecutively to the TRO-violation sentence.

On February 6, 2019, Plaintiff's attorney filed in the trial court a motion for leave for mandatory withdrawal because Plaintiff had filed a *pro se* notice of appeal in the Eighth District Court of Appeals (Case No. CA-19-108185). According to the appellate court's online docket,[2] Plaintiff's appeal was promptly dismissed because it did not comply with court rules. Plaintiff then filed motion for leave to file a delayed appeal in the appellate court in April 2019. That case (Case No. CA-19-108369) remains pending.

Plaintiff now has filed a civil rights action in this Court against the City of Lakewood and the judge, prosecutor, assistant prosecutor, probation officer, and police detective who worked on these two criminal cases. Specifically, Plaintiff claims the judge, Judge Patrick Carroll, modified docket entries; denied his Sixth Amendment rights by forcing a "retained attorney" to withdraw; imposed an "illegal bond/bond modification after payment"; remanded him into custody without cause while he was released on bond; and imposed an improper sentence that he then tried to cover up. (Doc. 1 at 4.) He alleges the prosecutor, Pamela Roessner, pressed charges against him when "conditions" under Ohio law for charging him were not met; withheld evidence; and showed bias in favor of the victim. (*Id.* at 4-5.) Plaintiff maintains the assistant prosecutor,

---

[2] *See* https://cpdocket.cp.cuyahogacounty.us/COA_CaseInformation_Docket.

3

Andrew Fleck, assisted the prosecutor in her allegedly wrongful conduct. (*Id.* at 5.) Plaintiff claims the probation officer, Mary Kay Schabel, submitted false information to the court; violated four provisions of the Ohio Revised Code; committed perjury; established terms of his probation without his presence or "paperwork"; and showed bias in favor of the victim. (*Id.* at 6.) And he alleges Detective Beradi refused to take statements from witnesses; falsified police reports; refused to investigate his defense; withheld evidence he provided; used deceptive tactics that caused him to "arrive without counsel"; refused to act in a fair and unbiased manner; and provided false information to the prosecutors. (*Id.* at 7.)

For his "legal claims," Plaintiff provides a list of legal authorities that he alleges each Defendant violated, including numerous provisions of the Ohio Revised Code and Ohio Rules of Criminal Procedure, ethics rules governing police detectives, the Sixth and Eighth Amendments (presumably to the United States Constitution), and the "Universal Declaration of Human Rights." (*See id.* at 9-12.) He seeks $1.5 million in compensatory and punitive damages, a bench trial "on all issues," and his costs. (*Id.* at 12.)

## ANALYSIS

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But this principle is not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full-blown claims from sentence fragments. *Id.* at 1278. To do so would require the courts "to explore exhaustively all potential claims of a *pro se* plaintiff," and would "transform the district court from its legitimate advisory role to the improper role of

an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*; *see also Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001) ("Although liberal construction requires active interpretation of the filings of a pro se litigant, . . . it . . . does not require a court to conjure allegations on a litigant's behalf . . . .") (internal citations omitted).

Indeed, district courts are required to screen all *in forma pauperis* actions and dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In order to state a claim for relief, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. And they must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Merely stating legal conclusions or reciting the elements of a cause of action, therefore, fails to meet this pleading standard. *Iqbal*, 556 U.S. at 678.

Plaintiff's Complaint must be dismissed. First, all but one of the Defendants are either untied to any allegations in the Complaint or are immune from liability. Second, each of his claims is barred due to Plaintiff's prior and pending state-court actions. And, third, the claims either fail to allege a violation of rights guaranteed by the United States Constitution or federal

statute, as required to obtain relief under § 1983, or do not state a sufficiently plausible claim upon which relief may be granted.

### A. Defendants Subject to Dismissal

#### 1. Defendant untied to any allegations

A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior. *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff asserts no specific allegations connecting the City of Lakewood to any of his claims for relief; it is therefore dismissed.

#### 2. Defendants immune from liability

Judicial officers generally are absolutely immune from civil suits for money damages. *E.g., Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will be not deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Here, Plaintiff does not allege wrongdoing on Judge Carroll's part when he was not acting as a judge or claim that when the court lacked jurisdiction over him at the time of the proceedings at issue. Judge Carroll, therefore, is immune from this suit and must be dismissed.

Similarly, prosecutors are entitled to absolute immunity from damages for initiating a prosecution and presenting the state's case. *E.g., Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in prosecuting them in court. *Imbler*, 424 U.S. at 424. This duty could not properly be performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* at 424-25. These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the state's advocate. *Id.* at 425. Moreover, this immunity reaches beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in "initiating . . . judicial proceedings," *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000), or "undertak[ing] the defense of a civil suit," *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990).

In this case, the challenged actions of Prosecutor Roessner and Assistant Prosecutor Fleck were all intimately associated with the judicial phase of Plaintiff's criminal proceedings. The Complaint contains no facts that indicate that Defendants Roessner or Fleck participated in any other kind of activity. They are therefore entitled to absolute immunity and are also dismissed.

Absolute judicial immunity also has been extended to non-judicial officers who perform "quasi-judicial" duties. *E.g., Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). "Quasi-judicial

immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* The fact that an error is made is immaterial. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Probation officers, therefore, are entitled to quasi-judicial immunity when determining whether an individual has violated the terms of his or her probation. *See, e.g., Loggins v. Franklin Cty., Ohio*, 218 Fed. Appx. 466, 476-77 (6th Cir. 2007) (holding that because the defendant probation officer's actions were related to ensuring that the plaintiff was complying with the terms of his probation and because his statements were made as part of the judicial process in considering whether to revoke the plaintiff's probation, the defendant probation officer was entitled to immunity); *Huffer v. Bogen*, 503 Fed. Appx. 455, 461 (6th Cir. 2012) (finding probation officers were performing a judicial function and therefore entitled to quasi-judicial immunity when they determined that the plaintiff had violated the terms of his probation).

Plaintiff's allegations against Defendant Schabel all relate to her actions in ensuring Plaintiff was complying with the terms of his probation and in participating in judicial proceedings relating to Plaintiff's probation. She is also entitled to immunity, therefore, and is dismissed on that ground.[3]

---

[3] Plaintiff does not list the Lakewood Municipal Court as a named defendant in his Complaint. (*See* Doc. 1 at 1, 2-3.) He does, however, allege without any explanation that the court violated his Sixth and Eighth Amendment rights and three articles of the "Universal Declaration of Human Rights." (*Id.* at 11-12.) To the extent Plaintiff asserts claims against the Lakewood Municipal Court, it also is immune from liability in this action. "The State of Ohio is insulated from litigation exposure in federal court by the Eleventh Amendment to the United States Constitution." *Mumford v. Basinski*, 105 F.3d 264, 270 (6th Cir. 1997). The Sixth Circuit has extended that immunity to Ohio courts. *See id.* at 269 (holding that Ohio common pleas courts are an arm of the state and therefore immune from suit under the Eleventh Amendment); *Ward v. City of Norwalk*, 640 Fed. Appx. 462, 465 (6th Cir. 2016) ("the Norwalk Municipal Court is an arm of the state for § 1983 and Eleventh Amendment purposes"). Even if the

B.  **Claims Barred due to Plaintiff's Prior and Pending State-Court Actions**

1.  *Res Judicata*

The common law rules of res judicata and collateral estoppel preclude a plaintiff from filing a federal civil rights action to relitigate matters that already have been decided in state-court proceedings. *Allen v. McCurry*, 449 U.S. 90, 96-97 (1980). Under *res judicata*, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. *Id.* at 94. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. *Id.* "[R]es judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.*

Moreover, giving preclusive effect to state-court judgments in federal civil rights cases "promote[s] the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Id.* at 96. Indeed, federal courts are required by statute to give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007). In Ohio, the doctrine of *res judicata* encompasses both the *res judicata* and collateral estoppel rules described above. *See, e.g., State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 392 (2008); *Grava v.*

---

Lakewood Municipal Court were a named defendant in this case, therefore, it is an arm of the state entitled to sovereign immunity and would be immune from this suit.

*Parkman Twp.*, 73 Ohio St. 3d 379, 382 (1995). The rule provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

Here, to the extent that Plaintiff seeks to relitigate his recent criminal cases in Lakewood Municipal Court resulting in his convictions for telephone harassment and violation of a TRO, those claims are barred by the doctrine of *res judicata*, as those claims were raised or could have been raised in the state trial court, which rendered final judgments on the merits in those cases.

### 2. *Rooker-Feldman* Doctrine

Under 28 U.S.C. § 1257, final judgments of state courts are entitled to receive full faith and credit from federal courts, and lower federal courts lack jurisdiction to review state-court decisions since only the Supreme Court has jurisdiction to review such claims. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Based on this premise, the *Rooker-Feldman* doctrine precludes federal district courts from asserting jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). In other words, a party who has lost a case in state court is barred from seeking what in substance would be appellate review of the state-court judgment in that case in federal court based on the party's claim that the state-court judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012).

To the extent that Plaintiff attempts to challenge the state-court judgments rendered in the Lakewood Municipal Court criminal cases and is asking to be relieved of the consequences of those judgments, this Court lacks subject matter jurisdiction over those claims and they are barred under the *Rooker-Feldman* doctrine.

### 3. *Younger* Doctrine

Federal courts also must decline to interfere with pending state-court proceedings involving important state interests unless extraordinary circumstances are present. *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state-court action involving important state matters, therefore, he or she cannot interfere with the pending state-court proceeding by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state-court proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if the state-court proceedings: (1) are on-going; (2) implicate important state interests; and (3) afford an adequate opportunity to raise federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state-court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

To the extent that Plaintiff's claims are based on the criminal cases in Lakewood Municipal Court that resulted in his convictions for telephone harassment and a TRO violation, and his appeal of those judgments is still pending in the Eighth District Court of Appeals, the

11

requirements of *Younger* are satisfied, and this Court must therefore abstain from interfering in any pending state-court criminal action against Plaintiff.

### C. Allegations Fail to State a Viable Claim Under § 1983

Finally, Plaintiff's claims fail to state a claim upon which relief may be granted. For each of the Defendants except Detective Beradi, Plaintiff bases his claims solely upon violations of Ohio statutes and Ohio rules of criminal procedure. (Doc. 1 at 10-11.) Those claims, therefore, fail to allege a violation of rights guaranteed by the United States Constitution or federal statute as required to obtain relief under § 1983. *See* 42 U.S.C. § 1983. Plaintiff alleges Judge Carroll violated his Sixth Amendment rights and Detective Beradi violated his Sixth and Eighth Amendment rights. (Doc. 1 at 4, 11.) But he does so in a wholly conclusory and speculative manner and without sufficient factual support to state a plausible claim for relief. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Plaintiff's claims, therefore, also must be dismissed for failure to state a claim upon which relief may be granted.

### CONCLUSION

Accordingly, Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it names improper parties and the claims are precluded by prior or pending state-court litigation and/or fail to state a claim upon which relief may be granted. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith.

IT IS SO ORDERED.

/s/ Dan Aaron Polster
DAN AARON POLSTER
United States District Judge

Dated: 5/1/2019